UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————————X

KEVIN HALL,

              Petitioner,                    **MEMORANDUM & ORDER**

     -against-                        24-cv-4647 (NRM)

SUPERINTENDENT OF GREENVILLE
CORRECTIONAL FACILITY,

              Respondent.
————————————————————————X

**NINA R. MORRISON**, United States District Judge:

Petitioner Kevin Hall brings this petition for a writ of habeas corpus against the Superintendent of the Greenville Correctional Facility, pursuant to 28 U.S.C. § 2254. Hall alleges that he was denied the effective assistance of counsel when he was convicted in 2019 of first-degree manslaughter, in violation of his rights under the United States Constitution. For the reasons outlined below, Hall's petition is denied.

## FACTS AND PROCEDURAL HISTORY

### I.    2019 State Court Conviction

Petitioner Kevin Hall was arrested in 2016 for the stabbing death of his friend, Jaiquan Thorne. Aff. in Opp'n to Pet. for a Writ of Habeas Corpus ("Aff. in Opp'n") at 3, ECF No. 6 at 1–12;[1] Tr. of Criminal Proceedings ("Tr.") at 54:21–55:20, ECF No.

---

[1] Respondent's affidavit, which is combined with a memorandum of law at ECF No. 6, contains paragraphs which are not consecutively numbered. Accordingly, references to this affidavit use ECF pagination, rather than internal paragraph numbers.

1

6-2.[2] For this crime, Hall was charged with Murder in the Second Degree, New York Penal Law § 125.25(1), and Manslaughter in the First Degree, New York Penal Law § 125.20(1). Aff. in Opp'n at 3. Hall was tried in New York Supreme Court, Kings County, under Indictment Number 3012/2016. *Id.*

Hall's first trial ended in a mistrial in 2018 after a deliberating juror conducted independent legal research and conveyed their findings to other jurors. *Id.* Hall was subsequently retried in the same court in 2019. Tr. at 66–1093. Hall was represented by the same counsel in both trials. Aff. in Opp'n at 3.

At Hall's first trial, Konrad Jacobs, also known as "CJ," testified as a People's witness pursuant to a material witness order. *Id.* At Hall's second trial, the People could not locate Jacobs. *Id.* After a hearing to determine the People's due diligence in trying to find Jacobs, the trial court granted the People's application to admit a transcript of Jacobs's testimony at the first trial as evidence at the second trial, pursuant to New York Criminal Procedure Law § 670.10, *Id.*; Tr. at 686–88. While it deliberated, the jury requested to "hear CJ's testimony in full." Tr. at 1065:18–23. In response — and after obtaining the consent of both the People and the defense — the trial court provided a transcript of Jacobs's testimony to the jury. *Id.* at 1066:1–22.

On August 13, 2019, the jury acquitted Hall on the murder charge and convicted him on the manslaughter charge. Tr. at 1080–83. On August 23, 2019, the

---

[2] ECF No. 6-2 combines several separately paginated transcripts, including transcripts of pre-trial proceedings, jury selection, and Hall's second jury trial. Accordingly, references to these transcripts use ECF pagination but internal line numbers.

court sentenced Hall to sixteen years in prison and five years of post-release supervision. *See id.* at 1091:24–1092:1. The sentence is within the range of five to twenty-five years provided by statute for the crime of conviction (Manslaughter in the First Degree). *See* N.Y. Penal L. §§ 70.02(1)(a), (3)(a).

## II.    Hall's Direct Appeal of the Conviction

Hall appealed his conviction to the Appellate Division, Second Department, and, through appellate counsel, submitted his brief to that court in January 2023. *See* Pet. at 98, ECF No. 1;[3] Pet. Br., ECF No. 6-3. On appeal, Hall asserted three grounds for relief. First, he argued he was deprived of the effective assistance of counsel when his counsel neglected to request submission of the lesser included offense of second-degree manslaughter. Pet. at 122–30. Second, he claimed that the lower court erred and denied him a fair trial when it provided a transcript of testimony to the jury in response to a request to "*hear* CJ's testimony in full," rather than reading the transcript of that testimony to the jury in open court. *Id.* at 130–36 (emphasis added). Lastly, he asserted that his sixteen-year sentence was excessive and required reduction in the interest of justice, on the grounds that he had no prior criminal record, had a history of employment, and had maintained a close relationship with his family. *Id.* at 137–38. Respondent filed its brief in opposition on May 25, 2023, *id.* at 40–97, and Petitioner filed a reply brief on June 5, 2023, *id.* at 27–39.

---

[3] References to page numbers use ECF pagination unless otherwise noted.

On November 15, 2023, the Second Department affirmed the judgment of the trial court. *See People v. Hall*, 198 N.Y.S.3d 765 (Mem.) (N.Y. App. Div., 2d Dep't 2023). The Second Department determined that (1) Hall was not deprived of the effective assistance of counsel; (2) Hall was not deprived of a fair trial; and (3) Hall's sentence was not excessive. *Id.* Specifically, the court found that, "[b]ecause there was no reasonable view of the evidence that the defendant acted merely recklessly, defense counsel was not ineffective for failing to request the lesser included charge of manslaughter in the second degree inasmuch as such a request would have had little or no chance of success." *Id.* The Second Department also concluded that, because his lawyer consented to sending the transcript of Jacobs's testimony to the jury, Hall had affirmatively waived his argument that this decision deprived him of a fair trial. *Id.*

Hall, through counsel, sought leave to appeal the Second Department's decision to the New York Court of Appeals. Pet. at 21–24. He contended that the New York Court of Appeals should grant leave to, *inter alia*, (1) "clarify that this case, like others where a single stab wound is inflicted during a fight, warrants the submission of reckless manslaughter"; and (2) provide guidance regarding the circumstances under which "an attorney's failure to request a lesser-included offense that is supported by evidence will amount to ineffective assistance of counsel." *Id.* at 23. The People opposed Hall's application for leave to appeal. *Id.* at 18–20. On May 13, 2024, the Court of Appeals denied Petitioner's application. *Id.* at 17; *People v. Hall*, 236 N.E.3d 1249 (Table) (N.Y. 2024).

4

### III.    The Instant Petition

Hall filed the instant petition on June 27, 2024.  *See generally* Pet.  The petition is timely.  28 U.S.C. § 2244(d)(1).  Hall asserts that he was denied effective assistance of counsel by his trial lawyer's failure to request the lesser included offense of second-degree manslaughter.  Pet. at 2, 5–6.  The petition is less clear as to whether Hall asserts any other constitutional claims; construing it liberally, however, it appears that Hall may be asking this Court to consider the other two legal grounds he asserted without success on his direct appeal, specifically that (1) the trial court denied him a fair trial when it sent a written transcript of Jacobs's trial testimony to the jury after the jury requested to "hear" that testimony, and (2) the trial court imposed an excessive sentence.  *See* Pet. at 6 ("See Grounds One, Two, Three, Raised on Direct Appeal.").

Then-Magistrate Judge Sanket J. Bulsara was initially assigned to this matter.  ECF No. 3.  Judge Bulsara ordered Respondent to show cause why a writ of habeas corpus should not issue.  ECF No. 4.  Subsequently, Hall's petition was assigned to the undersigned.  *See* Dkt. Entry dated Oct. 21, 2024.

Respondent filed a copy of the state court record and a response to the order to show cause on December 18, 2024.  ECF No. 6.  Respondent argues first that the Second Department's conclusion that defense counsel was not ineffective for failing to request a submission to the jury of the lesser included offense of second-degree manslaughter is entitled to AEDPA deference; that this Court is "doubly deferential," as it must give deference both to the state court judgment and also to the strategic

5

decisions of defense counsel; and that, under this demanding standard of review, Hall is not entitled to habeas relief.  Mem. of L. 16–17, ECF No. 6 at 13–29.

Second, Respondent contends that Petitioner is not entitled to habeas relief on his claim that the trial court denied him a fair trial when it provided a transcript of a witness's testimony rather than a read-back, in response to a jury note requesting to "hear" testimony.  *Id.* at 22.  Specifically, Respondent relies on *Walker v. Martin*, 562 U.S. 307, 315 (2011), for the proposition that "[a] federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment."  *Id.*  Respondent argues that, because the Second Department relied on New York state law in concluding that Petitioner's claim was affirmatively waived when the defense consented to have the jury receive a written transcript and did not request a read-back of the testimony, this Court lacks jurisdiction to consider Hall's claim of error.  *Id.* at 22–27.

Last, Respondent asserts that this Court has no jurisdiction over Petitioner's claim that the trial court imposed an excessive sentence because the sentence of sixteen years in prison fell within the statute's prescribed range of five to twenty-five years for first degree manslaughter, and "an excessive sentence claim may not provide grounds for *habeas corpus* relief where a petitioner's sentence is within the range prescribed by state law."  *See Id.* at 27–28 (citing cases); *see also* N.Y. Penal L. §§ 70.02(1)(a), (3)(a) (providing a range of five to twenty-five years for Hall's crime of conviction).  On March 12, 2025, Hall requested an extension of time to file a reply,

ECF No. 7, which this Court thereafter granted, accepting the reply Hall appended to his extension request, *see* Dkt. Order dated Mar. 19, 2025.

## LEGAL STANDARD

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") generally requires a petitioner to have exhausted his state court remedies prior to filing his petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," a habeas petitioner must give the state the chance to review his claims by invoking "one complete round" of an available state judicial review procedure. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The petitioner may satisfy this requirement with respect to a particular claim either by completing a full round of direct appellate review that includes that claim, or a full round of state post-conviction review that includes that claim." *Safran v. New York*, No. 22-CV-3177 (NRM), 2023 WL 3306932, at *2 (E.D.N.Y. May 6, 2023) (citing *Harvey v. Portuondo*, 98-CV-7371 (JG), 2002 WL 2003210, at *5 (E.D.N.Y. Aug. 5, 2002)). Section 2254 provides only narrow exceptions to the exhaustion requirement. 28 U.S.C. § 2254(b)(1)(B)(i), (ii) (providing that federal courts may hear unexhausted claims where "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant").

In considering the merits of exhausted habeas claims, the AEDPA "imposes a 'highly deferential standard for evaluating state-court rulings.'" *Renico v. Lett*, 559

U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997)). To grant habeas relief, the federal court must find that the state courts' adjudication of the habeas claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "Clearly established federal law," for purposes of Section 2254, "refers to the holdings, as opposed to the dicta, of [United States Supreme Court] decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000) (citation modified).

"[A] federal habeas court may not grant relief simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 365. The AEDPA "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and "requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Burt v. Titlow*, 571 U.S. 12, 19–20 (2013) (alterations in original) (citation omitted).

## DISCUSSION

As discussed above, interpreting Hall's *pro se* petition liberally, the petition raises three claims for relief. Because each of these claims was advanced on Hall's direct appeal, each has been exhausted.

## I.   Hall Is Not Entitled to Relief on His Ineffective Assistance of Counsel Claim

The Sixth Amendment guarantees criminal defendants not just the right to counsel, but the right to the "effective assistance of counsel." *See Strickland v. Washington*, 466 U.S. 668, 686 (1984) (citation omitted). To determine whether a defendant received the constitutionally guaranteed counsel to which he was entitled, the Supreme Court adopted a two-part test. First, a court must determine whether "counsel's representation fell below an objective standard of reasonableness" as measured by the "prevailing professional norms." *Strickland*, 466 U.S. at 687–88. If it answers that question affirmatively, the court next considers whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Only if a petitioner satisfies both prongs of *Strickland* is he potentially entitled to relief.

When assessing counsel's conduct under the first ("deficient performance") prong of *Strickland*, a reviewing court applies a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Harrington v. Richter*, 562 U.S. 86, 104 (2011). A reviewing court must presume that the "challenged action" or inaction by counsel "might be considered sound trial strategy" under the particular circumstances of the case. *Strickland*, 466 U.S. at 689. To defeat this presumption, a convicted person must show that counsel failed to act "reasonabl[y] considering all the circumstances." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (citing *Strickland*, 466 U.S. at 688). Courts assess reasonableness not by reference to a particular set of rules governing counsel's

9

conduct, but by considering whether counsel's conduct deviated from "prevailing professional norms." *See Strickland*, 466 U.S. at 688 (noting that "[p]revailing norms of practice as reflected in American Bar Association standards and the like, *e.g.*, ABA Standards for Criminal Justice 4–1.1 to 4–8.6 (2d ed. 1980) ("The Defense Function"), are guides to determining what is reasonable, but they are only guides"); *Greiner v. Wells*, 417 F.3d 305, 321 (2d Cir. 2005) (citing a New York Practice treatise and ABA standards, noting that "[n]orms of practice, reflected in national standards like the American Bar Association (ABA) Standards for Criminal Justice, are useful guides for evaluating reasonableness . . . . The Supreme Court has frequently cited the ABA Standards in its decisions evaluating the constitutional sufficiency of defense counsels' investigations."). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

"When the claim at issue is one for ineffective assistance of counsel, moreover, AEDPA review is 'doubly deferential,' because counsel is 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Woods v. Etherton*, 578 U.S. 113, 117 (2016) (first quoting *Cullen*, 563 U.S. at 190; then quoting *Burt v. Titlow*, 571 U.S. 12, 13 (2013)); *see also id.* ("In such circumstances, federal courts are to afford both the state court and the defense attorney the benefit of the doubt." (citation modified)).

Here, Hall asserts that he was denied the effective assistance of counsel because his trial counsel failed to "argue[], or pursue[] sentencing representation and instruction to jury about[] lesser included offenses."  Pet. at 6.  He asserts that the outcome of his trial would have been different if his lawyer had requested that the lesser included offense be considered by the jury.  *Id.*

At trial, Hall testified in his own defense, and maintained that (1) he did not ever possess a knife on the night that Thorne was killed, (2) he did not stab Thorne, but (3) he did see Jacobs possess a knife on the night Thorne was stabbed.  Tr. at 834:10–835:9.  The crux of Hall's defense at trial was that he was not the one who stabbed Thorne, and to suggest that prosecution witness Jacobs himself may have caused Thorne's death.  Hall's counsel explicitly made these arguments during summation.  *Id.* at 983:25–984:2 ("[Hall] got in the car and he drove away.  The last thing he saw was Konrad Jacobs with Jaiquan [Thorne]."); *id.* at 984:24–25 ("Now [Hall]'s here and he says he did not stab his best friend.").

As Respondent argues, however, courts are generally skeptical of claims that failure to request a lesser included offense can constitute ineffective assistance of counsel where, as here, a petitioner's trial defense to the manslaughter charge was to deny that they committed the act that caused the death.  *See Waiters v. Lee*, No. 13-CV-3636 (MKB) (SJB), 2020 WL 3432638, at *10-11 (E.D.N.Y. June 23, 2020) ("Trial Counsel's decision to strategically attempt to obtain an acquittal as opposed to a compromise verdict by choosing not to request a lesser included offense does not amount to ineffective assistance of counsel."), *aff'd*, No. 20-2190, 2021 WL 5183539

11

(2d Cir. Nov. 9, 2021); *see also Cruz v. Superintendent*, No. 13-CV-2414 (JMF), 2016 WL 2745848, at *9 (S.D.N.Y. May 11, 2016) ("[M]any courts have held that a lawyer's strategic decision to go for broke, and not to request a lesser-included offense instruction or to pursue certain defenses that could dilute that strategy, cannot provide a basis for claiming ineffective assistance of counsel."). "[T]he decision of whether to request submission of a lesser included offense is a matter well within the judgment of trial counsel." *Breazil v. Superintendent Artis*, No. 15-CV-1912 (BMC), 2015 WL 9581816, at *22 (E.D.N.Y. Dec. 30, 2015); *see also Hernandez v. Larkin*, No. 12-CV-8090 (AJN), 2013 WL 4453316, at *15 (S.D.N.Y. Aug. 19, 2013) ("[C]ourts afford substantial deference to a counsel's tactical decision that he would not request a lesser included offense charge . . . ." (citation modified)).

The state court record makes clear that Hall's trial defense strategy — which was consistent with Hall's own testimony to the jury — was indeed to "go for broke" and seek an acquittal on all charges, rather than a compromise verdict of conviction on a charge of second-degree manslaughter. The choice not to argue the lesser included offense was a tactical decision by Hall's counsel that was within the range of acceptable trial practice, and did not amount to ineffective assistance of counsel. *See Ramdeo v. Phillips*, No. 04-CV-1157 (SLT) (RLM), 2007 WL 1989469, at *34 (E.D.N.Y. July 9, 2007) (explaining that "trial counsel's failure to request a charge on the lesser included offense of manslaughter in the second degree did not constitute ineffective assistance of counsel," as "[d]efense counsel's strategy, which denied guilt altogether, 'practically preclude[d] a request for an instruction on a lesser included

12

offense.'" (citations omitted)).  That is particularly so given the "double deference" owed both to Hall's counsel's tactical decisions and the state appellate court's evaluation of those decisions under AEDPA.  Accordingly, Hall is not entitled to habeas relief on his ineffective assistance of counsel claim.

## II.    Hall Is Not Entitled to Habeas Relief on His Claim That He Was Denied a Fair Trial by the Trial Court's Decision to Provide the Jury With the Transcript of Jacobs's Testimony

Hall next asks this Court to find that the trial court committed constitutional error when it provided the full written copy of Jacobs's testimony from Hall's first trial to the jury in response to a jury note during deliberations in the second trial, rather than reading the transcript to the jury in open court.  This claim was exhausted on direct appeal, with the Second Department concluding that this claim was "affirmatively waived" when Hall's trial counsel "consented to send the transcript to the jury." *Hall*, 198 N.Y.S.3d at 765 (citing *People v. Moore*, 182 N.Y.S.3d 448, 450 (N.Y. App. Div, 4th Dep't 2023) and *People v. Edwards*, 172 N.Y.S.3d 466, 471–72 (N.Y. App. Div., 2d Dep't 2022)).

"A federal *habeas* court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Walker v. Martin*, 562 U.S. 307, 315 (2011) (citation modified) (quoting *Beard v. Kindler*, 558 U.S. 53, 55 (2009)); *see also Pierotti v. Walsh*, 834 F.3d 171, 176 (2d Cir. 2016) ("Under the independent and adequate state ground doctrine, federal courts 'will not review a question of federal law decided by a state court if the decision of that court rests on a state law

ground that is independent of the federal question and adequate to support the judgment.'" (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991))).

Here, the Second Department concluded that, under New York law, Hall's claim regarding the transcript of Jacobs's prior testimony was waived. This constitutes an independent and adequate state ground that precludes this Court's review of this claim. *Gonzalez v. Sullivan*, 934 F.2d 419, 421 (2d Cir. 1991) ("[T]he Supreme Court has held that a procedural waiver under state law sufficient to prevent review of the defendant's substantive claim in the state courts also constitutes an independent and adequate state ground that bars federal consideration of the substantive claim on habeas corpus." (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977))).

A petitioner asserting a claim upon which he has procedurally defaulted in state court may still raise it if he "show[s] cause for the default and prejudice resulting therefrom." *Id.* Hall has neither showed cause for the default nor demonstrated any prejudice that flowed from it. Accordingly, this claim is denied.

## III. Hall Is Not Entitled to Habeas Relief on His Claim That His 2019 Sentence Is Unconstitutionally Excessive or Vindictive

In the Second Circuit, "it is well settled that a sentence imposed within the limits of a statute cannot amount to cruel and unusual punishment [in violation of the Eighth Amendment], and that when a statute provides for punishment thought to be violative of the amendment the constitutionality of the statute itself must be attacked." *Fabian v. Phillips*, No. 05-CV-0658 (NGG), 2007 WL 1232071, at *5 (E.D.N.Y. Apr. 26, 2007) (citation modified) (quoting *United States v. Dawson*, 400

14

F.2d 194 (2d Cir. 1968)).  Hall does not claim that the statute under which he was sentenced is unconstitutional; he simply asserts that its application to him was excessive.

Here, the sentencing court sentenced Hall to a term of imprisonment that was within the range allowed by New York law.  N.Y. Penal L. §§ 70.02(1)(a), (3)(a).  Accordingly, Hall's excessive-sentence claim is outside the scope of federal habeas review.  *See White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law.").

## CONCLUSION

For the foregoing reasons, Hall's petition for a writ of habeas corpus is denied. The Clerk of Court is respectfully directed to mail a copy of this Memorandum & Order to *pro se* Petitioner.

**SO ORDERED.**

_/s/ Nina R. Morrison_
NINA R. MORRISON
United States District Judge

Dated: July 23, 2026
        Brooklyn, New York